CHER LYNN JUSTICE,

               Plaintiff,                        Case No: 16-12448

v.                                            HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

_____/

**MEMORANDUM AND ORDER ADOPTING
REPORT AND RECOMMENDATION (Doc. 22), OVERRULING
PLAINTIFF'S OBJECTIONS (Doc. 23),
DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (Doc. 15),
GRANTING THE COMMISSIONER'S
MOTION FOR SUMMARY JUDGMENT (Doc. 20),
AFFIRMING THE ALJ'S DECISION DENYING
<u>BENEFITS AND DISMISSING CASE</u>**

## I. INTRODUCTION

      This is a Social Security case. Plaintiff Cher Lynn Justice (Justice) appeals the final

decision of the Commissioner of Social Security (Commissioner) denying her application

for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Justice

claims that she has been disabled since January 10, 2011 due to fibromyalgia, uveitis,

and anxiety resulting from Post Traumatic Stress Disorder (PTSD).

      The parties filed cross motions for summary judgment. The motions were referred

to a magistrate judge (MJ) for a report and recommendation (MJRR). After the MJRR

recommended that Justice's motion be denied and the Commissioner's motion be

granted, Justice filed timely objections. For the reasons that follow, the Court overrules

Justice's objections, adopts the MJRR, denies Justice's motion for summary judgment, grants the Commissioner's motion, and affirms the administrative law judge's (ALJ) decision denying benefits.

## II. BACKGROUND

### A. Procedural History

As the parties have not objected to the MJ's recitation of the procedural history and administrative record, the Court adopts that portion of the MJRR as if fully set forth herein. A brief history of the procedural posture follows.

Justice applied for DIB on July 11, 2013 and for SSI on July 25, 2013. She alleged disability as of January 10, 2011.

When the Commissioner denied these claims, Justice requested a hearing. On December 16, 2014, Justice appeared with counsel before an ALJ. At the hearing, Justice testified on her own behalf. In addition, a vocational expert (VE) offered testimony.

The ALJ issued a written decision denying Justice's claims upon finding that Justice was not disabled.

The Appeals Council denied Justice's request for review, rendering the decision of the Commissioner final. Justice appeals from that decision.

### B. The ALJ's Decision

The MJRR summarized the ALJ's decision denying benefits:

ALJ Jones found that Plaintiff experienced the severe impairment of "affective disorder, anxiety disorder, uveitis, and fibromyalgia" but that none of the conditions met or medically equaled an impairment listed in 20 C.F.R Part 404, Subpart P, Appendix 1. The ALJ found that Plaintiff experienced mild limitation in activities of daily living and social functioning and moderate limitation in concentration, persistence, or pace.

The ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") for light work with the following limitations: [F]requently climb ramps and stairs; never climb any ladders, ropes, or scaffolds; she can frequently balance, stoop, kneel, crouch, and crawl; can frequently be exposed [to] non-weather related extremes of cold; limited to frequent occupations requiring near acuity of 20" or less; limited to simple, routine, and repetitive tasks.

Citing the VE's testimony, the ALJ found that although Plaintiff was unable to perform her past relevant work, she could perform the light, unskilled work of a marker, garment sorter, and fast food worker.

The ALJ discounted the alleged degree of physical and psychological limitation, noting Plaintiff's history of "abuse of prescriptions opioids" and "false statements to prior physicians." He noted that Plaintiff had been discharged by two physicians "after episodes regarding narcotics." The ALJ cited Dr. Chang's observation that Plaintiff's reported stress was due to the trauma of losing her job and that her "condition would likely improve if she was to get her job back."

The ALJ noted that while the medical records showed a history of uveitis, none of the treating records supported Plaintiff's allegations of light sensitivity. He cited psychological treatment records showing full orientation, a normal thought process, and a cooperative demeanor. He observed that the same records note Plaintiff's desire to return her previous job. He cited the August, 2013 consultative examination records showing a full range of motion, normal gait, and 5/5 muscle strength. He accorded "little weight" to Dr. Zethelius/Jay Skaggs' medical source statement on the basis that it over-relied on Plaintiff's unsupported "subjective allegations."

In addition, the ALJ noted that

I have given the medical source statement filed by Sven Zethelius, M.D., little weight since it is inconsistent with the above RFC, focuses primarily on the subjective allegations of claimant, and fails to take all of the medical evidence of record based on a continual doctor/patient relationship into consideration. The record reflects inconsistencies in claimant's allegations yet the statement endorses those allegations as fact. (Exhibit 17F).

### C. The Parties' Arguments on Summary Judgment

### 1. Justice's Arguments

Justice made three arguments to show that the ALJ's decision was not supported by substantial evidence. First, Justice said the ALJ failed to comply with 20 C.F.R § 404.1527(c) by not providing "good reasons" for affording little weight to the psychological disability findings of psychiatrist Sven Zethelius (Zethelius) and therapist Jay Skaggs (Skaggs). Justice also said the ALJ failed to consider the factors listed in 20 C.F.R. § 404.1527(d). Second, Justice argued that the ALJ did not analyze her condition of fibromyalgia in accordance with the requirements of SSR 12-2. Third, Justice said the ALJ erred by finding that the psychological conditions of depression, PTSD, and anxiety did not meet or medically equal an impairment listed in 20.C.F.R. Part 404, Subpart P, Appendix 1.

### 2. The Commissioner's Arguments

In his motion, the Commissioner argued that the decision denying benefits was supported by substantial evidence. The Commissioner said the ALJ properly weighed the evidence and that Justice had not specified how the ALJ erred in assessing her fibromyalgia. The Commissioner asserted that Justice could perform light work and thus was not disabled.

### D. The MJRR

The MJRR rejected Justice's arguments. First, the MJRR determined that the ALJ gave good reasons for affording little weight to Zethelius' and Skaggs' assessment. Specifically, the MJRR explained that the ALJ prefaced his finding with an accurate description of the psychological treating records by Zethelius and Wisam Salman (Salman). The ALJ also cited Justice's own admission that she was able to take care of herself and her child, drive and ride in a car, walk one mile, and interact with friends on

at least a weekly basis. Further, the ALJ considered that rheumatologist Syed Raza (Raza) had noted no evidence of arthritis in May 2012. Finally, the record showed that the ALJ considered the appropriate factors, including a psychiatric evaluation, Zethelius' treating records, the treating records as a whole, and Justice's subjective allegations of limitation. The MJRR's analysis supported the ALJ's determination that the record contradicted Zethelius' findings.

Second, the MJRR determined that substantial evidence supported the ALJ's finding that Justice experienced only mild limitation in activities of daily living and social functioning and moderate limitation in concentration, persistence, or pace. The MJRR explained that the ALJ relied on Justice's ability to perform household chores, care for her child, walk a mile, and socialize with friends on a regular basis. The ALJ also relied on the treating records of Peter Chang, Mark Richardson, Skaggs, Salman, Zethelius, and emergency room notes.

Third, the MJRR found that substantial evidence supported the ALJ's conclusion that Justice's fibromyalgia was not disabling. The MJRR cited the ALJ's reliance on treatment records showing that Justice experienced relief in symptoms of fibromyalgia with medication and exercise. The MJRR also discussed medical records showing that Raza had described Justice's symptoms as "episodic" and recommended that she "stay active" and "start swimming," which would be inconsistent with a finding of disability. In addition, Justice received only sporadic treatment and had declined a recommendation for physical therapy.

Thus, the MJRR recommended granting the Commissioner's motion, denying Justice's motion, and affirming the ALJ's decision denying benefits.

### E. Justice's Objections to MJRR

Justice has three objections to the MJRR. First, Justice says there are several pieces of evidence in the treating records of Zethelius, Salman, and Skaggs which show that Justice's mental illnesses preclude her from being able to work. Among these are the fact that Zethelius gave Justice a Global Assessment of Functioning (GAF) score of 50, and that Zethelius and Skaggs included in their Mental Health RFC that Justice had a substantial loss of concentration ability and would have to miss work more than four times per month. In addition, Justice says the ALJ failed to properly balance the factors to determine what weight to give a treating source opinion, and failed to provide legitimate reasons for disregarding the Zethelius/Skaggs RFC assessment.

Second, Justice says that Salman's mental status examination, Zethelius' and Skaggs' findings of concentration and social functioning limitations, and Justice's GAF score of 50 all indicate that Justice's treatment providers did not believe she could hold a job. In addition, Justice says the ALJ relied too heavily on her "minimal activity level as proving she was able to perform full time competitive work."

Third, Justice says that because her fibromyalgia was diagnosed as "severe," the MJ and ALJ should have found that by definition it had a "severe limiting effect" on Justice's ability to work. Justice also says the ALJ failed to discuss the standard for diagnosing fibromyalgia.

### IV. STANDARD OF REVIEW

### A. Objections to MJRR

A district court must conduct a de novo review of the parts of a MJRR to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* The requirement that district judges conduct a de novo review and be the final arbiters of matters referred to a magistrate judge is jurisdictional. *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985); *Flournoy v. Marshall*, 842 F.2d 875, 878 (6th Cir. 1987).

## B. Commissioner's Disability Determination

Judicial review of a Social Security disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 399 (1938). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6thCir. 1993); *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must consider the entire record as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973). If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ, *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993), regardless if the ALJ actually cited to the evidence. *Walker v. Sec'y of HHS*, 884 F.2d 241, 245 (6th Cir. 1989). Nonetheless, there is no requirement that the reviewing court discuss all evidence in the record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x. 496, 508 (6th Cir. 2006). Essentially, the district court's role is limited to search for substantial evidence that is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

## V. ANALYSIS

Justice's objections to the MJRR are without merit. While it is true that Justice's treatment records contained evidence of hardship, such as a low GAF score, reports of mental distress, and an opinion from Zethelius and Skaggs that Justice would have to miss more than four days of work per month, this does not demonstrate that the ALJ lacked substantial evidence to support his decision. The significance of the ALJ's determination was not that Justice faced no hardships whatsoever, but that those she did face did not amount to a disability that would prevent her from working.

Further, the ALJ considered Zethelius' and Skaggs' opinion evidence and provided legitimate reasons for rejecting it, with regard both to missing work and to the "marked" and "extreme" ability losses. *See* 20 C.F.R. §§ 404.1527(c)(2)-(5), 416.927(c)(2)-(5)

(requiring an ALJ to provide good reasons for the weight assigned to a treating source's opinion). The ALJ's reasons were that the medical source statement focused on Justice's subjective allegations, was inconsistent with the RFC, and failed to take evidence from Justice's medical record into account. Justice argues that it is inappropriate to consider whether a treating source opinion is consistent with the RFC that the ALJ himself created, but that argument is not persuasive because the ALJ supported his RFC with substantial evidence from the record. The ALJ also properly considered the relevant factors under § 404.1527(c) for evaluating the opinions of medical and mental health professionals.

Next, the fact that Salman assigned Justice a GAF score of 50 does not equate to a professional opinion that Justice could not work. Salman's mental status examination mentioned nothing about the ability to work, and GAF scores "have no direct correlation to the severity requirements of the mental disorders listings." *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 415 (6th Cir. 2006) (internal quotation marks omitted). According to the description of GAF scores that Justice provided from the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Text Revision, patients can earn a GAF score of 50 by meeting one of many criteria. Just because those criteria include "unable to keep a job" does not mean that Salman assigned the GAF score based on that criterion as opposed to any other, such as "suicidal ideation." Since Salman did not indicate which criteria he used to assign the score, it would be inappropriate to assume that he used any one in particular.

Additionally, the MJ and ALJ considered Justice's daily living activities to properly determine whether she had a severe impairment according to the regulations, not to directly determine whether Justice could work.

Finally, Justice's fibromyalgia objection fails because SSR 12-2 also requires the evaluation of "the intensity and persistence of the person's pain or any other symptoms and determine the extent to which the symptoms limit the person's capacity for work." SSR 12-2p, 57 Fed. Reg. 43640-01 (July 25, 2012). While the ALJ did find that Justice's fibromyalgia was a severe impairment (thereby nullifying the argument that he did not discuss the correct standard for fibromyalgia diagnosis), he also thoroughly explained why the extent of Justice's symptoms did not limit her ability to work. Plaintiff argues that objective medical tests such as x-rays cannot adequately describe fibromyalgia symptoms, but the ALJ relied on more than objective testing in his analysis.

## VI. CONCLUSION

For the reasons stated above, the MJRR is ADOPTED, Justice's objections are OVERRULED, Justice's motion for summary judgment is DENIED, the Commissioner's motion for summary judgment is GRANTED, and the ALJ's decision denying benefits is AFFIRMED. The ALJ's decision is supported by substantial evidence and will not be disturbed.

SO ORDERED.


S/Avern Cohn

AVERN COHN

UNITED STATES DISTRICT JUDGE


Dated:  October 5, 2017